FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 24 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

STATE OF ARKANSAS ex rel.
DUSTIN McDANIEL, Attorney General                                    PLAINTIFF

v.                    Case No. 4-06 CV 00001623

BERKSHIRE GETAWAYS,                                                  DEFENDANTS
DATA KING CORPORATION,
and RICHARD KING

## CONSENT JUDGMENT

NOW ON THIS DAY comes before the Court for consideration the entry of a Consent Judgment between the Plaintiff, the State of Arkansas *ex rel.* Dustin McDaniel, Attorney General, and Berkshire Getaways, Data King Corporation, and Richard King ("Defendants"). The Plaintiff appears by and through its counsel, Jean C. Block, and the Defendants appear by and through their counsel, Kelly W. McNulty. The Court finds that the parties have resolved the matters and controversy between them and have consented to the terms of this Consent Judgment, as follows:

### I. FINDINGS OF FACT

1. Plaintiff is the State of Arkansas *ex rel.* Dustin McDaniel, Attorney General. This is a consumer protection action brought by the Attorney General pursuant to the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, et seq., the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 - 6108, the Telemarketing Sales Rule, 16 C.F.R. pt. 310, and the Arkansas Consumer Telephone Privacy Act, ARK. CODE ANN. § 4-99-401, et seq.

2. Defendant Richard King is an individual and resident of the State of Massachusetts.

3. At all times relevant to this action, Defendant Richard King owned or controlled each of the corporate Defendants which are parties to this matter.

4. Berkshire Getaways is a Massachusetts corporation.

5. Data King Corporation is a New York corporation.

6. Starting sometime prior to the filing of the original Complaint in this matter, the Plaintiff undertook an investigation into the business practices of the Defendants. Based upon that investigation, it is the Plaintiff's position, as set out in the original Complaint, that the Defendants (1) operated one or more telemarketing centers which made phone calls to individuals in Arkansas whose phone numbers were on the national Do-Not-Call registry, and (2) failed to scrub their call lists against the Do-Not-Call registry. It is the Plaintiff's position that, by calling Arkansas individuals whose phone numbers were on the Do-Not-Call registry and not scrubbing their call lists against the Do-Not-Call registry, the Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, the Telemarketing Sales Rule, 16 C.F.R. pt. 310, the Arkansas Consumer Telephone Privacy Act, ARK. CODE ANN. § 4-99-401, et seq., and the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, et seq. The Plaintiff's Complaint sought relief for violations of those statutes, including injunctive relief, the imposition of civil penalties, and the recovery of attorney's fees and costs.

7. The Defendants dispute the allegations of the Plaintiff. In consenting to the entry of this Consent Judgment, the Defendants do not admit that they have engaged in

any illegal or deceptive practices. Instead, the Defendants state that they are consenting to this Consent Judgment solely to voluntarily resolve their differences with the Plaintiff without the necessity of further litigation and to indicate their intent to ensure that their business practices will be in compliance with the law.

## II. CONCLUSIONS OF LAW

8. This Court has jurisdiction over the parties and the subject matter of this action.

9. Good cause exists for the entry of this Consent Judgment, and the entry of this Consent Judgment is in the public interest.

10. The Defendants have, by signature of their counsel hereto, waived any right of appeal, petition for reconsideration, or right to move to reargue or rehear this Consent Judgment.

11. Entry of this Consent Judgment is not a finding of liability on the part of the Defendants.

12. The Court approves of the terms of the parties' agreement and adopts them as its own determination of the parties' respective rights and obligations, thus:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

## III. INJUNCTION

13. Defendants shall be enjoined so as to require compliance with the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 - 6108, the Telemarketing Sales Rule, 16 C.F.R. pt. 310, the Arkansas Consumer Telephone Privacy Act, ARK. CODE ANN. § 4-99-401, et seq., and the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, et seq. Any failure to

adhere to the requirements of those statutes in the future will subject Defendants to a civil penalty of $11,000.00 for each violation of federal law, and a civil penalty of $10,000.00 for each violation of state law proved at trial, if such violations are pursued by the Attorney General.

14. Within 120 days of executing this Consent Judgment, Defendants shall establish, implement, and maintain commercially-reasonable procedures designed to ensure compliance with this Consent Judgment. Such compliance procedures shall include, but not be limited to: (1) the establishment and implementation of written procedures to comply with 16 C.F.R. § 310.4(b)(1)(iii), (2) the training of all personnel of Defendants and any telemarketer or other party acting on behalf of Defendants in the above-referenced written procedures, (3) the development, maintenance, use, and retention of a list of telephone numbers that Defendants and any telemarketer or other party acting on behalf of Defendants may not contact, in compliance with 16 C.F.R. § 310.4(b)(1)(iii)(A), (4) the development, maintenance, use, and retention of a process to prevent telemarketing to any telephone number on any list established pursuant to 16 C.F.R. § 310.4(b)(1)(iii), employing a version of the "Do-Not-Call" registry obtained from the Federal Trade Commission in the manner prescribed by law, including the maintenance of records documenting this process, and (5) the monitoring and enforcement of the written procedures that are established and implemented under the terms of this Consent Judgment. Defendants shall deliver a copy of all relevant materials demonstrating compliance with this Paragraph to Jean C. Block, Office of the Attorney General, State of Arkansas, 323 Center Street, Suite 200, Little Rock, Arkansas 72201 within 120 days of executing this Consent Judgment.

15. Defendants agree that all lead-slips from which it obtains phone numbers to call will contain the following disclosure:

> "I AGREE THAT (COMPANY NAME) MAY CONTACT ME AT THE PHONE NUMBER OR ADDRESS I HAVE LISTED ON THIS FORM AS A RESULT OF THE PROMOTION IDENTIFIED ON THIS FORM. I UNDERSTAND THAT, FOR THE PURPOSES OF THE PROMOTION IDENTIFIED ON THIS FORM, MY SIGNATURE ON THIS FORM CONSTITUTES A WAIVER OF MY RIGHTS UNDER FEDERAL AND STATE DO-NOT-CALL LAWS."

This language will be in capital letters, bold print, and 14 pt. type. This disclosure will appear on the front of the lead-slip immediately above the signature line for the consumer.

16. Defendants agree that it will not call, or cause a telemarketer, or any other third party, to call any person or telephone number identified on a lead-slip in its possession which does not contain the above disclaimer.

17. Defendants agree that it will not share information from any lead-slip in its possession not containing the above disclaimer with any other company or telemarketer.

18. Defendants agree that it will not use information from any lead-slip not containing the above disclaimer, whether obtained before or after the effective date of this Consent Judgment, for any sales effort except the promotion identified on the lead-slip.

19. Any and all future lead slips used by Defendants must comply with all relevant Federal and Arkansas law pertaining to telephone solicitation and "Do-Not-Call" laws.

20. The injunctive terms set out in paragraphs 16, 17, 18, and 19 above apply to all interstate activities, wherever such activities occur, if such activities are directed toward Arkansas residents. However, the injunctive terms do not apply if the activity is directed toward Arkansas residents while such residents are outside the geographical boundaries of the State of Arkansas.

21. The injunctive terms set out in paragraphs 16, 17, 18, and 19 above apply to any intrastate activities conducted in the State of Arkansas, regardless of whether such activities are directed towards Arkansas consumers.

## IV. PAYMENT TO THE ATTORNEY GENERAL

22. Defendants are ordered to pay to the Plaintiff the amount of $56,000.00. Judgment in this amount is entered in favor of the Plaintiff. Among the Defendants, liability for this judgment is joint and several. Any payments received pursuant to this paragraph will be placed in the Attorney General's Consumer Education and Enforcement Fund and held there in trust for purposes directly related to the Attorney General's consumer enforcement and education efforts.

23. The above-referenced sum shall be delivered to the Office of the Attorney General, c/o Carol Thompson, Chief Financial Officer, 323 Center Street, Suite 1100, Little Rock, Arkansas 72201 and shall designate on its face the name Data King/Berkshire Getaways. A copy of such correspondence and payment shall be delivered to Jean C. Block, Office of the Attorney General, 323 Center Street, Suite 200, Little Rock, Arkansas 72201.

24. The above-referenced sum shall be paid in equal installments over eighteen (18) consecutive months beginning February 15, 2008. The first through seventeenth

payment shall be in the amount of $3,111.11; the final payment shall be in the amount of $3,111.13.

25. If Defendants fail to adhere to the timeframes for action outlined in paragraph 14 and 24, Defendants agree to pay the following stipulated penalties in addition to any amount otherwise due to the Attorney General:

(1) First day through tenth day:          $50.00 per day
(2) Eleventh day through twentieth day:   $100.00 per day
(3) Twenty-first day through thirtieth day: $150.00 per day
(4) Each day beyond thirtieth day:        $200.00 per day

26. If, upon petition of the Plaintiff, this Court shall find that Defendants have failed to comply with any of the material terms of this Consent Judgment, Defendant, Richard King, subject to the personal guarantee executed by him on or about January 28, 2008, agrees to pay $100,000.00, minus any amount of the sums referenced in paragraph 22 actually paid as of that date, to the Attorney General's Consumer Education and Enforcement Fund to be held in trust for the purpose of consumer education and enforcement. This amount shall constitute liquidated damages for breach of this Consent Judgment and will in no way effect or limit those remedies that the Attorney General may pursue for violations of law occurring after the date of this Consent Judgment.

## V. RELEASE AND GENERAL PROVISIONS

27. This Consent Judgment shall constitute a compromise between the parties related to the business practices which are the subject of the Plaintiff's Complaint. No further action shall be taken by the Arkansas Attorney General against any of the Defendants based upon the acts or practices which are the subject of the Plaintiff's

Complaint; provided, however, the Attorney General retains the right to seek enforcement of the provisions of this Consent Judgment.

28. This Consent Judgment does not constitute a release of any claim or cause of action related to any conduct occurring after the date of this Consent Judgment; nor does any provision of this Consent Judgment prevent the Attorney General from taking any enforcement action against the Defendants with respect to any conduct occurring before the date of this Consent Judgment if such conduct was not related to the business practices which are the subject of the Plaintiff's Complaint

29. This Consent Judgment does not constitute an approval by the Arkansas Attorney General of any of the services provided by the Defendants or of any of the programs, products, or services telemarketed by the Defendants, and the Defendants shall make no representations to the contrary. Nor does this Consent Judgment constitute an approval of, or acquiescence in, any marketing, telemarketing, or other activities engaged in at any time by the Defendants or any other persons or entities, and the Defendants shall make no representations to the contrary.

30. This Court retains jurisdiction of this matter for the purpose of enforcing the terms of this Consent Judgment.

31. This Consent Judgment shall not affect the rights of any private party to pursue any remedy or remedies pursuant to the laws of the State of Arkansas or any federal law. The resolution of this matter does not release or affect in any way the claims of any individual consumer or group of consumers. No claims of any person not a signatory to this Consent Judgment are compromised or released. Similarly, nothing in this Consent Judgment shall release, compromise, or diminish any defenses or other

rights the Defendant may have with respect to any claims that may be asserted against it by persons not signatory to this Consent Judgment. The Defendants have reserved all rights and defenses they may have with respect to claims by persons not signatory to this Consent Judgment.

By: /s/ James M. Moody  Date: Jan 24, 2008
**JUDGE JAMES M. MOODY**


By: _____/s/ Jean C. Block_____  Date: _____January 23, 2008_____
**JEAN C. BLOCK**
**ASSISTANT ATTORNEY GENERAL**
Arkansas Bar No. 02183
323 Center Street, Suite 200
Little Rock, Arkansas 72201
501.682.2108 Phone
501.682.8118 Fax


By: _____/s/ Kelly W. McNulty_____  Date: _____January 21, 2008_____
**KELLY W. McNULTY**
**ATTORNEY FOR DEFENDANTS**
Gill Elrod Ragon Owen & Sherman
425 West Capitol Ave., Suite 3801
Little Rock, AR 72201
(501) 376-3800 Phone
(501) 372-3359 Fax

9